Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
New York State - RL#1234
RL@LiebowitzLawFirm.com
516-233-1660

*Counsel for Plaintiff Daniel Fellner*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

---------------------------------------------------------------- x
Daniel Fellner,                                                  :
                                                                 :
                Plaintiff,               :   Docket No. 2:19-cv-1719-DJH
                                                                 :
       - against -                                            :
                                                                 :
Travel 4 All Seasons LLC, an Arizona limited                     :
liability company,                                               :
                                                                 :
                Defendant.               :
---------------------------------------------------------------- x

## JOINT DISCOVERY CASE MANAGEMENT PLAN

Plaintiff Daniel Fellner and Defendant Travel 4 All Seasons LLC ("Travel"), by and through their undersigned attorneys, hereby submit the following Rule 26(f) Report.

1. **A list of the parties in the case**: Plaintiff- Daniel Fellner; Defendant- Travel 4 All Seasons LLC

2. **Short Statement of the Nature of the Case**: Plaintiff Daniel Fellner brings an action of copyright infringement against Travel alleging that Travel displayed Fellner's copyrighted text about Pickleball on cruise ships.

    **Defendant's Statement of the Nature of the Case:**  Plaintiff claims that Travel violated Section 501 of the Copyright Act.  More specifically, Plaintiff alleges that Travel violated

the Copyright Act by posting an article on its website entitled "Pickleball in Demand on Cruise Ships!" Travel, however, posted an exact copy of Plaintiff's article to its website and gave Plaintiff credit as the author. Travel's fair use of Plaintiff's alleged copyrighted article does not constitute infringement. Pursuant to 17 U.S.C. § 107, fair use is a means through which Travel may use the copyrighted work "in a reasonable manner without the owner's Consent." *Hustler Magazine, Inc. v. Moral Majority*, 796 F.2d 118, 1151 (9th Cir. 1986). Despite the four-point test for determining fair use, no single factor is dispositive, nor are there "bright line" rules for the interpretation of § 107. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). Rather, the court should analyze the specific facts of each case in determining whether fair use existed. *Id*. "If, after applying the four factors, there are no material factual disputes, fair use may be resolved on summary judgment." *Hustler*, 796 F.2d at 1151. Plaintiff's alleged copyrighted work is in the public domain and therefore Travel is not liable for infringement. Travel's alleged use of Plaintiff's alleged copyrighted work was not for commercial purposes and any alleged use was non-commercial and innocent. Travel did not earn any profits or revenue from its alleged infringement of Plaintiff's copyrighted work. Plaintiff failed to identify the article as a copyrighted work as required.

3. **Jurisdictional Basis for the case**: It is undisputed that the Court has subject matter jurisdiction under the Copyright Act and 28 U.S.C. § 1331. Venue is appropriate in this District pursuant to 28 U.S.C. 1391(a)(2) because Travel has its principal place of business in this district.

4. **Service**: The defendant was served.

5. **Additional Parties**: Plaintiff does not anticipate adding any additional parties.

6. **Motions**: Plaintiff anticipates moving for summary judgment on copyright liability.

   **Defendant**: Travel anticipates filing a motion for summary judgment.

7. **Assignment**: The parties do not want the case referred to the Magistrate Judge for settlement purposes.

   **Defendant**:  On April 9, 2019, Travel consented to a Magistrate Judge.

   Richard Liebowitz
   11 Sunrise Plaza, Suite 305
   Valley Stream, New York 11580
   RL1234
   RL@LiebowitzLawFirm.com
   516-233-1660

8. **Related cases**: No related cases.

9. **Initial Disclosures**: The parties will exchange disclosures by June 21, 2019.

10. **ESI**: The parties anticipate that discovery in this case will involve the production of hard copy documents and electronically stored information ("ESI").  The parties will meet and confer in good faith throughout the course of discovery in an effort to avoid the need for any formal motions related to discovery of ESI.

11. **Privileges**: The parties shall produce privilege logs within a reasonable time after production.  The parties will confer in good faith on the ways to minimize the burden of privilege logs.  The parties agree that any inadvertent disclosure of privileged material in the course of discovery shall not constitute a waiver of privilege, provided that the party who made the inadvertent disclosure promptly notifies the other party upon becoming aware of the disclosure.

12. **Discovery**

    a. **Plaintiff -** documents related to the Text, any profits from the use of the Text, etc.

    b. **Phases -** Discovery should not be conducted in phases.

    c. **Limitations -** No Discovery limitations

       **Defendant:**  Travel consents to the discovery limitations imposed by the Federal

       Rules of Civil Procedure.

    d. **Time of Depositions -** 7 hours per deposition

13. **MIDP responses** - June 17, 2019.

**Defendant**:  Travel served their Mandatory Initial Discovery Responses on April 24, 2019.

14. **Discovery Timing**:

    a. **All discovery complete by**- October 31, 2019
    b. **Expert Disclosures by**- November 29, 2019
    c. **Expert Depositions by**- November 29, 2019
    d. **Dispositive Motion deadline-** December 27, 2019
    e. **Engaging in good faith settlement discussions:** November 29, 2019

15. **Jury Trial Requested:** Yes

16. **Length of Trial:** 2-3 days

17. **Prospect for Settlement:** The parties will continue to discuss settlement during discovery.

Dated: Valley Stream, New York
June 18, 2019

| | |
|---|---|
| LIEBOWITZ LAW FIRM, PLLC | BLYTHE GRACE PLLC |
| By: */s/ Richard Liebowitz* | By: s/ *Robert S. Reder (with permission)* |
|     Richard P. Liebowitz |     Robert S. Reder |
| 11 Sunrise Plaza, Suite 305 | Alexandra Mijares Nash |
| Valley Stream, New York 11580 | Kiri T. Semerdjian |
| Tel.: 516-233-1660 | 4040 East Camelback Road, Suite 275 |
| E-mail: RL@liebowitzlawfirm.com | Phoenix, Arizona 85018 |
| | Attorneys for Defendant |
| *Attorneys for Plaintiff* | |