Gregory W. Seibt (021321)
Alexandra Mijares Nash (023364)
Robert S. Reder (024117)
Kiri T. Semerdjian (033775)
BLYTHE GRACE PLLC
4040 East Camelback Road, Suite 275
Phoenix, Arizona 85018
Telephone: (602) 237-5366
Facsimile: (602) 237-5546
Email: greg@blythegrace.com
Email: anash@blythegrace.com
Email: robert@blythegrace.com
Email: kiri@blythegrace.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Fellner,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Travel 4 All Seasons, LLC,<br><br>　　　　　　Defendant. | No. 2:19-cv-01719-CDB<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Travel 4 All Seasons, LLC ("Travel 4"), pursuant to Fed. R. Civ. P. 56(a), moves for summary judgment on all of Plaintiff Daniel Fellner's ("Fellner") claims.[1]

---

[1] In addition to representing Fellner here, New Jersey attorney Richard Liebowitz has filed numerous other identical copyright infringement cases in this Court. *See e.g.*, Order [Dkt. 29] (citing *Parisienne v. Wave Enterprises LLC*, 19-cv-02810 and *Nall v. Mackenzie Collier Interiors LLC*, 19-cv-01186); *see also Marco Verch v. Scottsdale Recovery Center LLC*, 19-cv-5427, *James Kelley v. Land Masters Landscaping LLC*, 19-cv-4984, *Dennis Clark v. Liftable Media Inc.*, 19-cv-4861, *James W. Delano v. Rowland Network Communications LLC*, 19-cv-2811, *Stephen Mallon v. Liftable Media Inc.*, 19-cv-2782, *Arthur Usherson v. Press Pass Collectibles LLC*, 19-cv-2692, *Peter Menner v. AZ Air Salvage & Parts LLC*, 19-cv-2539, *Natan Dvir v. Liftable Media Inc.*, 19-cv-2141, and *Joey Carman v. Hubbard Broadcasting Inc.*, 18-cv-4195. While Travel 4's counsel has not filed a motion to disqualify, it believes that the Court should consider whether by filing all of these cases Mr. Liebowitz is engaging in the unauthorized practice of law in Arizona in violation of LR Civ. 83.1(b)(2)(iii) (stating that an attorney is not eligible to appear in this Court *pro hac vice* if they are engaging in the unauthorized practice of law in Arizona). The Court should at a minimum order Mr. Liebowitz to associate with local counsel who is admitted to practice law in Arizona and in this Court.

Fellner's only claim in the Complaint alleged against Travel 4 is copyright infringement. *See* Compl., ¶ 1 [Dkt. 1]. The factual basis of Fellner's claim is that Travel 4 posted an article on its website entitled *Pickleball in Demand on Cruise Ships!*, which Fellner wrote and published elsewhere, including in *The Arizona Republic* (the "Article"). A true and correct copy of the Article is attached as **Exhibit 1**.

The Court should enter summary judgment in Travel 4's favor because it did not post the Article on its website for commercial reasons, earn any profit or revenue from its use of the Article, and Travel 4 clearly identified Fellner as the original author of the work. Fellner's claim is therefore barred by the fair use doctrine and Travel 4 cannot be liable for copyright infringement, willful or otherwise. Summary judgment is appropriate. The following Memorandum of Points and Authorities supports this Motion.

## Memorandum of Points and Authorities

### I. Relevant Facts.

The following facts are taken from the Complaint and/or are undisputed. Fellner is a photographer and journalist who resides in Arizona. *See* Compl., ¶ 5 [Dkt. 1]. Travel 4 is an Arizona based company whose sole asset is a website located at URL: www.travel4allseasonsmagazine.com (the "Website") (last visited October 20, 2019). *Id.*, at ¶ 6. Travel 4's Website is for informational purposes only. *See* Affidavit of Alfred Hague dated October 23, 2019 ("Hague Aff."), ¶¶ 5, 12, attached as **Exhibit 2**.[2] Travel 4 has never generated any revenue from the Website, and it never intended to. *Id.* In fact, Travel 4 does not even have a bank account. *Id.*, ¶ 6.

Fellner authored the Article, a two-page discussion of playing pickleball on cruise ships. Comp., ¶¶ 7-8; *see also Pickleball at Sea! These Cruise Ships Have Courts*, attached as **Exhibit 3**. Fellner registered his article with the United States Copyright Office – registration number TX 8-559-608. Compl., ¶ 9. On or about April 5, 2018, Travel 4

---

[2] The testimony of Alfred Hague, the only member of Travel 4 is undisputed because Fellner failed to depose either Travel 4 or Mr. Hague in this action. In addition, and despite substantial written discovery, Fellner has failed to develop any facts to contradict Mr. Hague's testimony.

2

posted the Article on its Website entitled *Pickleball in Demand on Cruise Ships!*, which contained portions of the Fellner's article. Compl., ¶ 10; *see also* Hague Aff., ¶ 10. While Travel 4 did not have Fellner's consent to publish portions of the Article on its Website, Travel 4 never made a profit from posting the Article. Compl., ¶ 11; *see also* Hague Aff., ¶ 5. Consequently, Fellner has failed to produce any evidence that Travel 4 posted the Article for commercial use or that Travel 4 made any profit from the Article, which it did not.

Finally, Travel 4 notes that Fellner failed to notify Travel 4 of the alleged infringement before filing this action. Hague Aff., ¶ 15. Fellner also did not take the simple step of requesting that Travel 4 remove the Article from its Website pre-suit. *Id.* Fellner, therefore, is not interested in profiting from his work by publication, but instead through litigation.

## II.   Standard of Review.

Summary judgment should be granted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is one which can be maintained by substantial evidence; a material fact is that which would constitute a legal defense preventing the non-moving party from prevailing. *See Celotex v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Here, the fair use doctrine bars Fellner's claims because Travel 4 made no profit from the Article, Travel 4's actions did not hinder Fellner's ability to publish the Article elsewhere, Travel 4's post using Fellner's text was for information purposes only, and with its post Travel 4 gave Fellner full credit as the original author by listing Fellner's name and including information where the reader could find the original work. Summary judgment is therefore appropriate.

## III.   The Fair Use Doctrine Precludes Fellner's Claims.

Travel 4's "fair use" of Fellner's copyrighted work exculpates Travel 4. 17 U.S.C. § 107. Fair use is a means through which a defendant may lawfully use a copyrighted work "in a reasonable manner without the owner's consent." *Hustler Magazine, Inc. v. Moral Majority*, 796 F. 2d 1148, 1151 (9th Cir. 1986). A court may determine whether fair use

3

occurred by considering: "**(1)** the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; **(2)** the nature of the copyrighted work; **(3)** the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and **(4)** the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

No single factor is dispositive, nor are there bright line rules for the interpretation of section 107. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). Rather, the court should analyze the specific facts of each case in determining whether fair use existed. *Id.* Section 107 was structured as an affirmative defense requiring a case-by-case analysis. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 561, 105 S.Ct. 2218, 2231 (1985). Fair use is a mixed question of fact and law but if there "is no genuine issues of material fact, or if, even after resolving all issues in favor of the opposing party, a reasonable trier of fact can reach only one conclusion, a court may conclude as a matter of law whether the challenged use qualifies as a fair use of the copyrighted work." *Hustler Magazine Inc.*, 796 F.2d at 1151.

### A. Travel 4's use of Fellner's work was not commercial and does not impact the value of the work or Fellner's ability to exploit it.

As part of its fair use analysis, the Court assesses the impact of the use on the potential market for, or value of, the copyrighted work. *Id.* at 417 U.S. at 566, 105 S.Ct. at 2232. This factor is the single most important element of fair use. *Id.* Where the use of a copyrighted work "has no demonstratable effect [on] the potential market for, or the value of, the copyrighted work, [use of that work] need not be prohibited in order to protect the author's incentive to create." *Sony Corp of America v. Universal City Studios, Inc.*, 464 U.S. 417, 450, 104 S.Ct. 774, 792 (1984). A copyright holding plaintiff must show by a preponderance of the evidence that "some meaningful likelihood of future harm exists… if the use is for a noncommercial purpose, the likelihood must be demonstrated." *Id.* 464 U.S. at 451, 104 S.Ct. at 793.

Travel 4 did not use the Article for a commercial purpose. Hague Aff., ¶¶ 5, 12.

4

Travel 4's Website is a blog for other travel enthusiasts to read and is for informational purposes only. *Id.*, ¶¶ 4, 5. Travel 4 does not require a membership fee to access the blog and Travel 4 does not make a profit from the Website (and never has). *Id.*, ¶ 5, 7. Travel 4 does not even have a bank account. *Id.*, ¶ 6. Importantly, despite months of discovery, Fellner has both failed to proffer any evidence to contradict Travel 4's now undisputed facts and has not shown there will be any future harm to his ability to continue using the Article for his purposes, whether commercial or not. In the time that Travel 4's Website has been accessible by the public; it has received very few visitors. Hague Aff., ¶ 13. Travel 4 has removed the Article from its Website. *Id.*, ¶ 14.

**B.     Travel 4's Website is for informational purposes only and it did not post Fellner's work to obtain a profit, which it did not.**

In a fair use analysis, the Court must consider the "commercial or nonprofit character of an activity" to determine whether the doctrine applies. *Sony Corp of America*, 464 U.S. at 448, 104 S.Ct. at 792. Commercial use of a copyrighted work is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright. *Harper & Row Publishers Inc.*, 471 U.S. at 562, 105 S.Ct. at 2231. The determination is not whether the sole motive of the use was for monetary gain, but whether the user stands to profit from the use of the copyrighted material. *Id.*

Travel 4 did not post the Article to make a profit, and it did not earn one. Hague Aff., ¶¶ 5, 12. The only member of Travel 4, Mr. Hague, is a disabled military veteran who operates the Website as a hobby to help inform other traveler's about various topics. *Id.*, ¶¶ 2, 4. Consistent with Travel 4's noncommercial intent in posting the Article, it identified Fellner as the author of the work and cited to where a reader could find the original work. *Id.*, ¶ 11. Thus, not only did Travel 4 not earn any profit from the Website, it never will because Travel 4 removed the Article. *Id.*, ¶¶ 5, 14.

**C.     Fellner's published work is purely factual and not creative in any way.**

The scope of fair use is narrower for unpublished works because the choice to publish and where to publish should be left to the original copyright owner. *Harper & Row Publishers Inc.*, 471 U.S. at 564, 105 S.Ct. at 2232. Published works are more likely to qualify

BLYTHE GRACE PLLC
4040 East Camelback Road | Suite 275
Phoenix, Arizona 85018

as fair use because "the first appearance of the artist's expression has already occurred." *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th Cir. 2003). In general, "fair use is more likely to be found in factual works than in fictional works." *Stewart v. Abend*, 495 U.S. 207, 237, 110 S.Ct. 1750, 1769 (1990).

Fellner published the his original article on March 30, 2018, and Travel 4 reposted the Article on April 5, 2018. Hague Aff., ¶¶ 8, 10. Fellner made the first decision of when and where to publish the Article and Travel 4's reposting provided Fellner with full credit of the Article, along with a citation to where Fellner initially published the Article. *Id.*, ¶¶ 8, 11. At no point did Travel 4 attempt to take credit for the Article, and the Article is no longer on Travel 4's Website. *Id.*, ¶¶ 11, 14.

Importantly, Fellner's original article is not a creative, but purely factual work. Fellner's original article "*Pickleball at Sea! These Cruise Ships Have Courts*," is merely a compilation of historical facts concerning pickleball and three interviews with professionals involved with pickleball. In no universe is this a creative work akin to Tom Sawyer, Catcher in the Rye, or Animal Farm.

### D. Travel 4 did not copy Fellner's Article in full and did not use the photographs that appear in the original work.

In a fair use analysis, Courts also examine the "amount and substantiality of the portion used in relation to the copyrighted work as a whole." *Harper & Row Publishers Inc.*, 471 U.S. at 2233, 105 S.Ct. 564. Although courts commonly find that the more someone takes from a copyrighted work the less likely fair use applies, *Sony Corp of America* "teaches us that the copying of an entire work does not preclude fair use *per se*." *Hustler Magazine Inc.*, 796 F.2d at 1155.

Here, Travel 4 did not re-post the Fellner's original article but instead posted approximately half of it. Hague Aff., ¶ 10. The Court can find that fair use applies. Moreover, Travel 4 did not use the photographs that appear in the original article, which are also copyrighted by Fellner. *Id.*, ¶ 10. This action only concerns a portion of Fellner's original article posted by Travel 4 on an informational Website for noncommercial

6

purposes. Under these circumstances, Travel 4's use is fair.

## IV. Relief Requested.

Fellner's copyright infringement claims are barred by the fair use doctrine. Travel 4 did not post the Article on the Website for commercial reasons and did not make a profit from the Article. Travel 4 posted the Article merely for informational purposes and gave Fellner full credit for the Article as the original author. Travel 4's use of the Article does not impact Fellner's ability to publish the Article in other media outlets and earn profit from that publication. Travel 4's Website is not visited by a significant number of people, and Travel 4 removed the Article when Fellner complained (but through this action, not any pre-suit demand).

For these reasons, Travel 4 requests that the Court grant this Motion and enter summary judgment in its favor. There is nothing here to take to a jury, and no reasonable juror could find that Travel 4's use of the Article was not fair use. Under 17 U.S.C. § 505, Travel 4 also requests the recovery of its attorneys' fees and costs if it prevails.

DATED this 24th day of October 2019.

BLYTHE GRACE PLLC

s/*Robert S. Reder*
Gregory W. Seibt
Alexandra Mijares Nash
Robert S. Reder
Kiri T. Semerdjian
4040 East Camelback Road, Suite 275
Phoenix, Arizona 85018
Attorneys for Defendant

7

BLYTHE GRACE PLLC
4040 East Camelback Road | Suite 275
Phoenix, Arizona 85018

## **Certificate of Service**

I certify that on this 24th day of October 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Attorney for Plaintiff

Honorable Diane J. Humetewa
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 625
401 West Washington Street, SPC 81
Phoenix, Arizona 85003

s/*Patti A. Jennings*