# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Fellner,<br><br>    Plaintiff,<br><br>v.<br><br>Travel 4 All Seasons, LLC,<br><br>    Defendant. | No. 2:19-cv-01719-DJH<br><br>**PLAINTIFF's RESPONSES AND OBJECTIONS TO DEFENDANT'S INTERROGATORIES TO PLAINTIFF** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Daniel Fellner ("Plaintiff"), by its counsel, Liebowitz Law Firm, PLLC, hereby answers and objects to Defendant Travel 4 All Seasons, LLC's First Set of Interrogatories (the "Interrogatories," and each individually, a "Interrogatory") as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following General Objections to the Interrogatories. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The Specific Objections, even if the same or similar, do not waive the General Objections. Answering any Specific Interrogatory shall not be construed as an admission that the Defendant is entitled to any response more specific than provided:

1.  Plaintiff objects to Instructions, Definitions, and Interrogatories that impose duties or obligations beyond, or inconsistent with, those set forth in Local Rules and the Federal Rules.

2. Plaintiff objects to the extent the Interrogatories seek information outside the scope of this proceeding. To the extent that the information sought is not relevant nor proportional to the needs of the case, the Plaintiff objects. Similarly, if the interrogatory is vague, ambiguous, the Plaintiff objects.

3. Plaintiff objects to Interrogatories to the extent they seek information that is not within Plaintiff's possession, custody or control.

4. Plaintiff objects to the extent the information sought is already in Defendant's, or third party's possession, custody or control, or is publicly available.

5. Plaintiff objects to the extent the information is duplicative or redundant and the burden of deriving and ascertaining the answers is the same or similar for the Defendant as for the Plaintiff.

6. Plaintiff objects to the extent information sought is protected by attorney-client privilege, work-product doctrine. Inadvertent disclosure thereof will not waive the privilege or similar protection from discovery.

7. Plaintiff objects to the extent the information sought is subject to confidentiality duty to a non-party.

8. Plaintiff objects to the extent information sought assumes disputed facts and legal conclusions.

9. In answering, the Plaintiff does not waive and expressly reserves all objections.

10. The answers are based on Plaintiff's current knowledge and best efforts to secure the information sought. Plaintiff reserves the right to supplement the information.

## Responses to Interrogatories

**Interrogatory No. 1**

Describe the market value-*i.e.*, what a willing buyer would have been reasonably required to pay to a willing seller at the time of the publication rights to the subject material.

**Response:** Approx. $2,500.00

**Interrogatory No. 2**

Describe in detail any damages, economic or otherwise, that Fellner alleges to have suffered as a result of Travel 4's alleged violation of the Copyright Act.

**Response:** Approx. $2,5000 in lost licensing fees, plus profits generated by Defendant which are currently unknown.

**Interrogatory No. 3**

Describe in detail why you believe that Travel 4's alleged violation of the Copyright Act with respect to Fellner's work is not "fair use" as that term is defined under applicable law.

**Response:** Defendant's use was not transformative because it made no alteration to the original work, was for commercial purposes, used a creative work, was not necessary and impacted the actual and potential market for the work.

**Interrogatory No. 4**

Identify the author who created the subject material Fellner claims is protected by the Copyright Act and include the author's educational background, qualifications, and any other works created by the author.

3

**Response:** Plaintiff, who has a Master degree in Journalism (OSU), is a professor of travel writing at Arizona State University for 10 years, has published over 100 travel articles including in USA Today, and is a member of the American Society of Travel Writers.

**Interrogatory No. 5**

Identify the individual, if any, who claims ownership of the work Fellner claims is protected by the Copyright Act.

**Response:** Plaintiff.

**Interrogatory No. 6**

Identify each registration number of the work Fellner claims is protected by the Copyright Act.

**Response:** TX 8-559-608.

**Interrogatory No. 7**

Identify the person(s) from whom Fellner received notice that Travel 4's work allegedly infringes Fellner's copyright of the subject material, including the date of notice, the circumstances that led to the receipt of notice, Fellner's relationship with the person or entity giving notice, and what actions were taken after Fellner's receipt of notice.

**Response:** Plaintiff discovered the infringement shortly after it was published by Defendant.

**Interrogatory No. 8**

If Fellner has submitted an application for renewal of copyright for the subject material to the U.S. Copyright Office, identify the person who submitted the renewal application, and include the date, whether it was made within one year of expiration of the

4

original copyright, whether the renewal was granted, and if granted, the certificate number and who has control of the certificate.

**Response:** No renewal has been submitted.

**Interrogatory No. 9**

If Fellner has properly affixed notice of copyright to the copies of Fellner's work that were circulated, distributed, displayed, offered for sale, or published by any other means, provide the notice, its position as affixed to the copies, and identify the person whose name appears in the notice and whether the owner of the copyright authorized the form, position, and manner of the notice.

**Response:** https://global-travel-info.com/pickleball-cruising/ includes copyright notice to Dan Fellner.

**Interrogatory No. 10**

Identify all persons, including employees, assistants, interns, secretaries, or other persons, who assisted Fellner in creating the subject material by conceiving the idea to create this work, writing, planning, advising, researching, typing, editing, formatting, proofreading, or providing any other assistance, and describe the nature and extent of the assistance each person contributed.

**Response:** None.

**Interrogatory No. 11**

Describe the work schedule associated with creating the subject material, including the circumstances under which the idea for this work was conceived, the date the work began and was completed, the place where the work was done, the number of working hours spent in each session, all persons who contributed in any way to the work, and the method for recording the number of working hours.

5

**Response:** Plaintiff wrote some of the article in Shanghai, China and some in Arizona in March 2018. He spent approximately 20 hours.

**Interrogatory No. 12**

Identify all sources, including writings, drawings, or other materials, that were studied or referred to by Fellner or those assisting Fellner in preparing the subject material and the extent Fellner made use of each item identified.

**Response:** Plaintiff contacted Pickleball Association, arrange interview with President, contacted Cruiseline Association, had to get ship's staff to get photographed playing Pickleball, and researched pickleball through Google searches..

**Interrogatory No. 13**

If Fellner's subject material has been distributed, circulated, offered for sale, or published in any tangible medium in the U.S. or any foreign country, describe with particularity the manner, duration, locations, reasons, scope, and restrictions of circulation, distribution, or publication.

**Response:** Plaintiff's website, USA Today, Arizona Republic.

**Interrogatory No. 14**

Identify the commercial uses Fellner contends Travel 4 made of the work Fellner claims is protected by the Copyright Act.

**Response:** Defendant published it on their commercial website and to sell cruise packages.

**Interrogatory No. 15**

6

Describe the market value - *i.e.*, what a willing buyer would have been reasonably required to pay to a willing seller at the time-of the publication rights to the subject material.

**Response:** Approx. $2500.

**Interrogatory No. 16**

Describe in detail any damages, economic or otherwise, that Fellner suffered as a result of Travel 4's alleged violation of the Copyright Act.

**Response:** $2500 plus Defendant's profits.

**Interrogatory No. 17**

Describe in detail why you believe that Travel 4's alleged violation of the Copyright Act with respect to Fellner's work is not "fair use" as that term is defined under applicable law.

**Response:** Defendant's use was not transformative because it made no alteration to the original work, was for commercial purposes, used a creative work, was not necessary and impacted the actual and potential market for the work.

**Interrogatory No. 18**

Describe any other lawsuits, including the court and case number, that Fellner has filed in the last 5 years that contains a claim made under the Copyright Act.

**Response:** Matter of public record, but see Fellner v. Jewish Voice, 18-cv-5965 (E.D.N.Y.)

**Interrogatory No. 19**

7

Describe each and every way that Fellner claims Travel 4 violated the Copyright Act.

**Response:** Re-published Fellner's work without his authorization.

**Interrogatory No. 20**

Describe in detail whether you believe that the subject material was in the public domain at the time of the alleged infringement by Travel 4.

**Response:** No.

**Interrogatory No. 21**

Describe in detail any witnesses that you expect to call at trial including each witnesses' contact information and the subject of their testimonies.

**Response:** Plaintiff.

DATED this 17th day of October 2019.

LIEBOWITZ LAW FIRM PLLC

**/s/richardliebowitz/**

Richard Liebowitz
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660

*Attorneys for Plaintiff*

**Certificate of Service**

I certify that on this 17th day of October 2019, I emailed a copy of the forgoing to the following CM/ECF registrants:

Robert S. Reder (024117)

8

Alexandra Mijares Nash (023364)
Kiri T. Semerdjian (033775)
BLYTHE GRACE PLLC
4040 East Camelback Road, Suite 275
Phoenix, Arizona 85018
Telephone: (602) 237-5366
Facsimile: (602) 237-5546
Email: robert@blythegrace.com
Email: anash@blythegrace.com
Email: kiri@blythegrace.com
Attorneys for Defendant

_____