Gregory W. Seibt (021321)
Alexandra Mijares Nash (023364)
Robert S. Reder (024117)
Kiri T. Semerdjian (033775)
BLYTHE GRACE PLLC
4040 East Camelback Road, Suite 275
Phoenix, Arizona 85018
Telephone: (602) 237-5366
Facsimile: (602) 237-5546
Email: greg@blythegrace.com
Email: anash@blythegrace.com
Email: robert@blythegrace.com
Email: kiri@blythegrace.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Fellner, | No. 2:19-cv-01719-DJH |
| Plaintiff, | |
| v. | **DEFENDANT'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Travel 4 All Seasons, LLC, | |
| Defendant. | |

The Court should grant Travel 4 All Seasons, LLC's ("Travel 4") summary judgment.

Plaintiff Daniel Fellner ("Fellner") has failed to establish his *prima facie* case of copyright infringement against Travel 4 – the only legal claim contained in the Complaint [Dkt. 1] – because he did not provide any support for his contention that he created the original work, namely the Article[1] at issue here. For that reason alone, the Court should enter summary judgment. But even putting aside this fatal flaw, in response to Travel 4's Motion for Summary Judgment ("Motion") [Dkt. 33], Fellner was obligated to create a dispute of at least one fact with respect to Travel 4's claim of fair use that would require

---

[1] In this Reply, the word "Article" means *Pickleball at Sea! These Cruise Ships Have Courts*, which Travel 4 re-posted and re-titled *Pickleball in Demand on Cruise Ships!* A copy of Fellner's original article is attached to the Motion [Dkt. 33] as Exhibit 1, and the re-posted and re-tiled article is attached as Exhibit 3.

an Arizona jury to hear this case.[2] Fellner has failed.

Glaringly obvious in Fellner's Response to the Motion ("Response") [Dkt. 34], which is supported only by the separately filed Declaration of Richard Leibowitz ("Declaration") [Dkt. 35], Fellner's attorney, is that Mr. Leibowitz's testimony is the only "evidence" offered by Fellner to create a dispute of fact. But, of course, Mr. Leibowitz cannot testify at trial and under Fed. R. Civ. P. 56(e),[3] counsel's testimony is not evidence and Mr. Leibowitz cannot authenticate or establish foundation for anything over which he does not have personal knowledge.

For example, in paragraph 10 of Mr. Leibowitz's Declaration, he purports to establish foundation for a copy of a 608 Registration Certificate in Fellner's name. *See* Dkt. 35, ¶ 10. First, this 608 Certificate does not relate to the Article at issue here – instead, it relates to photographs that Travel 4 did not use. Second, even if this document were relevant, Fellner might have established foundation for this document, but not Mr. Leibowitz. Thus, the Court should disregard it.

Mr. Leibowitz also purports to establish "facts" such as: "Defendant is a for-profit entity which publishes news content relating to recreational travel." Dkt. 35, ¶ 4. This statement is not supported by any party testimony or document produced here and therefore it violates Rule 56(e). However, even absent Rule 56(e), Mr. Leibowitz cannot establish this fact because he has no knowledge of whether Travel 4 is a for-profit entity (it is not) or if it publishes news content (it does not, with few exceptions). Oddly, Fellner

---

[2] **On December 10, 2019, Travel 4 filed its Reply in Support of its Motion for Summary Judgment [Dkt. 37]. That Reply omitted a legal argument that appears in Section A below. Travel 4 requests that the Court consider this Supplemental Reply in lieu of the Reply filed at Dkt. 37. If the Court considers this Supplemental brief, Fellner will not suffer prejudice because it was filed only 1 day after the original Reply.**

[3] Under Rule 56(e), if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purposes of the motion or grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it.

2

would be aware of these facts had he deposed Travel 4, or its principal Alfred Hague. But Fellner did not. On the contrary, instead of proffering any evidence to avoid summary judgment, Fellner merely speculates that Travel 4 is a for-profit company and that Travel 4's use of Fellner's Article has had actual or potential market harm. Like counsel's testimony, speculation is equally inadmissible.

These are but examples of the Response's and Declaration's failures to meaningfully dispute summary judgment. In fact, the Court should not consider Mr. Leibowitz's Declaration in ruling on Travel 4's Motion resulting in Fellner having no evidence that justifies sending this case to a jury. Now that discovery is closed, summary judgment is appropriate because there is no dispute of fact warranting a trial.

If the Court grants Travel 4 summary judgment, Travel 4 requests leave to file a bill of costs and an application for attorneys' fees under 17 U.S.C. § 505[4] (discussed in *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013)), Fed. R. Civ. P. 56(h), and A.R.S. § 12-349[5] because Fellner and his counsel have unreasonably expanded these proceedings, and because Mr. Leibowitz submitted the Declaration in bad faith in a last minute effort to avoid summary judgment. The following arguments support this Reply.

**A.   Fellner has Failed to Support the Fact That he Authored the Article, Which Dooms his Copyright Infringement Claim.**

Fellner has failed to support an essential element of his copyright claim. In order to prove copyright infringement, Fellner is required to support the following elements with admissible evidence: (1) ownership of a valid copyright, and (2) actionable copying by the defendant of the original work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340,

---

[4] In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs. 17 U.S.C. § 505.

[5] In any civil action the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, if the attorney or party unreasonably expands or delays the proceeding. A.R.S. § 12-349.

361 (1991); *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004). The Copyright Act defines the scope of copyright protection: "Copyright protection subsists…in original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). Thus, a work must be original to the author in order to be protected. *See Feist Publications*, 499 U.S. at 344 ("Originality is a constitutionally mandated prerequisite for copyright protection."). The term "original" as used in copyright law simply means (i) that the work was independently created by the author (as opposed to copied from other works), and (ii) that it possesses at least some minimal degree of creativity. *Feist Publications*, 499 U.S. at 351.

Here, as discussed in detail below, Fellner has failed to provide the Court with **any** evidence establishing that he owns the copyright over the Article, or that the Article is his original work. Fellner could have submitted testimony showing that he created the Article, but he failed to do so. Instead, all the Court has in front of it is the inadmissible testimony of Mr. Leibowitz who purports to establish that Fellner created the Article. But, of course, that is no evidence at all. In responding to Travel 4's Motion, Fellner failed to establish that the Article is original and that he created it. Summary judgment is warranted on that basis alone.

**B.    Fellner Cannot Avoid Summary Judgment Because Mr. Leibowitz's Declaration is Inadmissible and Fellner has no Other Evidence.**

Even if the Court continues with its analysis beyond Fellner's failure to offer any support that he can legally enforce a copyright over the Article, the Court should still enter summary judgment because Fellner has only offered the inadmissible Declaration of Mr. Leibowitz to support his infringement claim. With no evidence supporting the Complaint's only claim, Travel 4 is entitled to summary judgment.

Summary judgment should be granted where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Rule 56(c) mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

4

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Furthermore, the party opposing summary judgment 'may not rest upon the mere allegations or denials of [the party's] pleading, but…must set forth specific facts showing that there is a genuine issue for trial.'" *Juarez v. CC Servs., Inc.*, 434 F. Supp. 2d 755, 758 (D. Ariz. 2006) (citation omitted). "There is no issue for trial unless there is sufficient evidence favoring the non-moving party; if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Juarez v. CC Servs., Inc.*, 434 F. Supp. 2d 755, 758 (D. Ariz. 2006) (citation omitted).

**1.    Mr. Leibowitz' Declaration Violates Rule 56(e) and is Inadmissible.**

After months of discovery, Fellner has failed to proffer any evidence to dispute the facts established by Travel 4 in the Motion and its attachments. Mr. Liebowitz's Declaration is not evidence that the Court should consider here. In fact, the Declaration contains only one statement that Mr. Liebowitz can support: "I am lead counsel for Plaintiff Daniel Fellner…in this action and submit this declaration in opposition to Defendant's motion for summary judgment." [Dkt. 35, ¶ 1]. And that fact is irrelevant to this Court's summary judgment analysis.

Below is a complete list of statements from the Declaration not addressed above (*i.e.*, Dkt. 35, ¶¶ 4 and 10, discussed above) that Mr. Leibowitz cannot support (and documents he cannot authenticate):

| Declaration Paragraph | Citation | Admissibility |
|---|---|---|
| [Fellner] is an Arizona-based professional journalist who license his photographs for a fee. | Dkt. 35, ¶ 2. | Rule 56(e) violation (no personal knowledge). |
| Fellner wrote an article about the growing popularity of Pickleball on cruise ships. Plaintiff wrote some of the article in Shanghai, China and some in Arizona in March 2018. | *Id.*, ¶ 5. | *Id.* |
| To prepare the Literary Work, Plaintiff contacted Pickleball Association, arrange (sic) interview with President, contacted | *Id.*, ¶ 6. | *Id.* |

5

| | | |
|---|---|---|
| Cruise line Association, had to get ship's staff to get photographed playing Pickleball, and researched pickleball through Google searches. | | |
| Fellner then licensed the Literary Work to third-party media companies, namely USA Today and Arizona Republic. | *Id.*, ¶ 7. | *Id.* |
| On March 30, 2018, Arizona Republic published Fellner's Literary Work in an article entitled Pickleball at sea? These cruise ships court fans with facilities. | *Id.*, ¶ 8. | Rule 56(e) violation (no personal knowledge). |
| On April 1, 2018, USA Today published Fellner's work in an article entitled Pickleball at sea? These cruise ships court fans with facilities. See https://www.usatoday.com/story/travel/cruises/2018/04/01/pickleball-cruise-ships-court-fans-sport/473599002/ | *Id.*, ¶ 9. | Rule 56(e) violation (no personal knowledge; document not authenticated). |
| On April 5, 2018, which was subsequent to the publication of the Literary Work in USA Today and Arizona Republic, Defendant posted the Literary Work on its commercial website in an article entitled Pickleball in demand on Cruise Ships! (the "Infringing Article.") | *Id.*, ¶ 11. | Rule 56(e) violation with respect to the statement "commercial website" (no personal knowledge or proof). Travel 4 does not dispute the admissibly of the remainder of this paragraph. |
| In the Defendant's Infringing Article, commercial advertisements appear adjacent to the display of Plaintiff's Literary Work. | *Id.*, ¶ 12. | Rule 56(e) violation with respect to the statement "commercial advertisements" (no personal knowledge or proof). Travel 4 does not dispute the admissibly of the remainder of this paragraph. |
| Defendant did not license the Literary Work from Plaintiff, or otherwise ask for Plaintiff's permission to republish the Literary Work. | *Id.*, ¶ 13. | Rule 56(e) violation (no personal knowledge). |

Except as noted above, none of Mr. Leibowitz's testimony or offered documents are admissible with respect to the Court's review of Travel 4's Motion. If Fellner had submitted appropriate testimony and admissible evidence, he might have avoided summary

6

judgment. But with only Travel 4's evidence being admissible, it should prevail.

### 2. Mr. Leibowitz's Declaration is Only Supported by Fellner's Unverified Answers to Travel 4's Interrogatories, Which is no Support at all.

Mr. Liebowitz attempts to support some of the statements contained in the Declaration by citing to Fellner's Answers to Travel 4's Interrogatories (*see* Declaration [Dkt. 35], ¶¶ 3, 5-7, and 13). Again, Mr. Leibowitz's efforts fall short because Fellner's discovery responses are unverified. Because Fellner did not verify his answers to Travel 4's Interrogatories, they are inadmissible to support either the Response [Dkt. 34] or Declaration [Dkt. 35]. Fellner has no authenticated documents, no depositions, no verified discovery responses, no declarations, no affidavits, and no other testimony or evidence to support his Response. Indeed, Fellner has failed in every respect to create a genuine dispute of material fact and Travel 4 is entitled to judgment as a matter of law.

## C. Travel 4's use of the Article is Permissible Fair Use.

The fair use doctrine, 17 U.S.C. § 107, is a means by which a defendant may lawfully use a copyrighted work "in a reasonable manner without the owner's consent." *Hustler Magazine, Inc. v. Moral Majority*, 796 F.2d 1148, 1151 (9th Cir. 1986).[6] The doctrine is analyzed on a case-by-case basis and no single factor is dispositive. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994); *Harper & Row Publishers Inc. v. National Enterprises*, 471 U.S. 539, 561, 105 S.Ct. 2218, 2231 (1985). Here, Fellner failed to produce any facts or law disputing Travel 4's fair use and therefore the Court may conclude that Travel 4's use of the Article under 17 U.S.C. § 107 is fair. There is no need for a jury to decide this issue.

### 1. Travel 4 is a Not-for-profit Company, it did not use the Article for Commercial Purposes, and Transformative use is Unnecessary.

If the use of a copyrighted work is non-commercial it shows that the use is fair. *See Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 448, 104 S.Ct. 774, 792

---

[6] The four factors this Court may use to determine whether fair use applies are: "(1) the purpose and character of the use, including whether such use is of a commercial nature or is for a nonprofit educational purpose; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

1  (1984) (holding that a party can prove fair use by showing the non-commercial nature of
2  the use). Travel 4 operates a non-commercial website blog for other travel enthusiasts to
3  read for informational purposes only. *See* Affidavit of Alfred Hague dated October 23,
4  2019 ("Hague Aff.") ¶ 4, attached to the Motion [Dkt. 33] as Exhibit 2. Travel 4 is a not-
5  for-profit company that has never made any revenue or profits from operating its website.
6  Travel 4 also did not post the Article with the intent to make a profit. *See* Hague Aff., ¶ 5.

7  When Travel 4 posted the Article on its website, there were three advertisements
8  on the right-hand side of the page. *See* Declaration of Alfred Hague dated December 10,
9  2019 ("Hague Decl") ¶ 2, attached as **Exhibit 1**. The advertisement for "Al Hague
10 Photography" is for a company Mr. Hague, the sole member and owner of Travel 4,
11 individually owns. *Id.*, ¶ 3. Travel 4 posted the advertisement for "Old Tahoe, Small Batch,
12 Premium Honey Rye & Straight Rye Whiskey," as a favor for Mr. Hague's friend and that
13 company is now out of business. *Id.*, ¶ 4. Travel 4 did not receive any compensation from
14 his friend for posting his advertisement. *Id.* Travel 4 posted the third advertisement for
15 Viking Cruises because Viking Cruises is one of the cruise lines Mr. Hague likes. *Id.*, ¶ 5.
16 Viking Cruises did not pay for the advertisement and Travel 4 has never done business
17 with Viking Cruises. *Id.* In sum, Travel 4 did not make any money (revenue, profits, or
18 otherwise) from any of the advertisements. *Id.*, ¶ 3-5.

19 In addition to looking at whether the use of a copyrighted work was commercial,
20 Courts also look at whether the use was transformative in determining whether that use
21 was fair. *See Campbell*, 510 U.S. at 579 (holding that a use is transformative if it "adds
22 something new, with a further purpose or different character, altering the first with new
23 expression, meaning, or message"). However, "transformative use is not absolutely
24 necessary for a finding of fair use." *Id.* Other factors, such as the non-commercial nature
25 of the use, as discussed above, weighs heavily in favor of a finding of fair use. Thus,
26 although the Article is not transformative of Fellner's original work, all the other factors
27 militate a finding of fair use.
28

BLYTHE GRACE PLLC
4040 East Camelback Road | Suite 275
Phoenix, Arizona 85018

### 2. The Article Contains a Recitation of Facts and is not a Creative Work.

The Article is not a creative work like motion pictures or novels. Courts have recognized that "the scope of fair use is greater when "informational" as opposed to more "creative" works are involved." *See Hustler Magazine Inc.*, 796 F.2d at 1153. Here, the Article is a compilation of facts concerning pickleball played on cruise ships. Fellner did not add any creativity to the Article that would render it as anything more than informational. The mere fact that Fellner conducted research and interviews to prepare the Article, even if those "facts" were admissible (which they are not (*see* Section A(1), *supra*)), does not make the Article creative – instead, Fellner simply compiled and combined existing facts.

### 3. Travel 4's use of the Article did not Create any Actual or Potential Harm to the Market.

Travel 4's website is not a serious competitor in the market where Fellner published the Article – the Arizona Republic. Travel 4's only purpose is to operate a non-commercial, informational website that was only ever used to provide information concerning travel-related activities to its limited visitors. *See* Hague Aff., ¶¶ 4-5. Travel 4's website is not a popular website because no one visits it. *See* Hague Aff., ¶ 13. Fellner's copyright infringement claim is much ado about nothing.

To determine whether the alleged infringing use harmed the copyrighted work's value or market, courts focus on "whether the infringing use: (1) tends to diminish or prejudice the potential sale of [the] work; (2) tends to interfere with the marketability of the work; or (3) fulfills the demand for the original work." *See Hustler Magazine Inc.*, 796 F.2d at 1155-56. Here, Travel 4's use of the Article does not diminish the sale of Fellner's work, interfere with the marketability of the work, or fulfill any demand for the work because few people visit Travel 4's website. *See* Hague Aff., ¶ 13. Fellner's ability to profit from the Article is also not damaged because he is able to continue selling his informational Article to media outlets and derive a profit from such transactions.

Importantly, Travel 4 gave Fellner full credit for the Article by listing his name under the title and included in its post where Fellner published the original article. *Id.*, ¶ 11. With

this information, the few people that read the Article on Travel 4's website could have located where Fellner originally posted the Article and contacted him for business opportunities (Travel 4 no longer operates its website). This outcome is the opposite of harm. Regardless, Fellner has failed to show, with any evidence, how Travel 4's use of the Article created a potential or actual market harm, and he cannot now dispute Travel 4's dispositive evidence set forth in the Motion and this Reply.

### 4. Granting Travel 4 Summary Judgment Would not Undermine the Purpose of the Copyright Act.

The Copyright Act will be fine if the Court grants Travel 4 summary judgment. Travel 4 is a not-for-profit company and operated a travel website for informational purposes only. *See* Hague Aff., ¶ 5. Travel 4 did not make a profit from using the Article on its website, it did not harm the potential or actual market for the Article, it did not use the entire Article, and the Article is not a creative work but instead merely a recitation of facts concerning pickleball. *Id.* ¶ 5. After viewing all four factors together, Travel 4's use of Fellner's work is fair, precluding Fellner's claim of copyright infringement.

Congress codified the fair use doctrine because it recognized the potential dangers of authors enforcing their copyrights in every circumstance. This is one such circumstance. And although not a precatory requirement for enforcing a copyright under the Copyright Act, this entire dispute could have been avoided had Fellner asked Travel 4 to remove the Article from its website before filing the Complaint. Fellner did not take that simple step because his true motive is to profit from litigation, not publication.

## D.   Relief Requested.

For these reasons, the Court should grant Travel 4 summary judgment. If the Court grants Travel 4 summary judgment, Travel 4 requests leave to file a bill of costs and an application for attorneys' fees under 17 U.S.C. § 505 (discussed in *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013)), Fed. R. Civ. P. 56(h), and A.R.S. § 12-349 because Fellner and his counsel have unreasonably expanded these proceedings, and because Mr. Leibowitz submitted the Declaration in bad faith in a last minute effort to avoid summary

judgment.

DATED this 11th day of December 2019.

BLYTHE GRACE PLLC

s/ *Robert S. Reder*
Gregory W. Seibt
Alexandra Mijares Nash
Robert S. Reder
Kiri T. Semerdjian
4040 East Camelback Road, Suite 275
Phoenix, Arizona 85018
Attorneys for Defendant

### Certificate of Service

I certify that on this 11th day of December 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Attorney for Plaintiff


s/ *Patti A. Jennings*